a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMAL JAMAL,<br>Petitioner | CIVIL DOCKET NO. 1:20-CV-00841-P |
| VERSUS | JUDGE DRELL |
| WARDEN,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Jamal Jamal ("Jamal"), with a request that Jamal not be transferred out of the LaSalle Correctional Center ("LCC") during the pendency of his proceedings. Jamal is a detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE").

Because the Court lacks jurisdiction to prevent his removal and Jamal has provided no reason or authority to prevent ICE from moving him to another facility, IT IS RECOMMENDED that Jamal's request to prohibit his transfer from LCC be DENIED.

I. **Background**

Jamal is a native and citizen of Pakistan. Jamal alleges that he has been in post-removal order detention since October 14, 2019. ECF No. 1 at 6. Jamal alleges that his removal is not likely to occur in the reasonably foreseeable future. *See id.*

In addition to his request for habeas relief, Jamal asks that the Court order ICE to refrain from transferring him out of LCC while his habeas petition is pending.

## II. Law and Analysis

Jamal provides no authority for the Court to enjoin ICE from transferring him to another facility. First, Jamal's physical presence in this district is not required for the adjudication of his Petition. The transfer of Jamal out of the Western District of Louisiana would not destroy the Court's jurisdiction over Jamal's habeas claim. Jurisdiction attaches upon filing a habeas petition, and it is not destroyed upon the subsequent transfer or custodial change of the petitioner. *See McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978), *cert. denied*, 439 U.S. 1077 (1979). Moreover, claims like Jamal's regarding the legality of continued detention pending removal are regularly adjudicated on the briefs without the need for in-person hearings.

Next, claims regarding prison transfers are generally not cognizable under § 2241. *See Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006) (claim not cognizable under § 2241 because prisoners lack a constitutionally protected interest in where they are incarcerated); *Zapata v. United States*, 264 F. App'x 242, 243-44 (3d Cir. 2008) (district court lacked jurisdiction over a § 2241 petition that challenged a transfer). There is no protected liberty interest in being housed in a particular facility. *Armendariz-Mata v. Lappin*, 157 F. App'x 767 (5th Cir. 2005) (citing *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)).

Finally, to the extent Jamal requests that he not be deported pending the adjudication of his claim, the Court lacks jurisdiction to grant such relief. *See Idokogi*

*v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003) (*per curiam*) ("The district court therefore correctly determined that it lacked jurisdiction to stay the order of removal."); *Fabuluje v. Immigration & Naturalization Agency*, 244 F.3d 133 (5th Cir. 2000) (*per curiam*) ("[T]he district court correctly determined that it was without jurisdiction to consider Fabuluje's request for a stay. . . ."). Nothing about Jamal's circumstances falls beyond the scope of this binding line of precedent.

## III. Conclusion

Because the Court lacks jurisdiction to prevent his removal and Jamal has provided no reason or authority to enjoin ICE from moving him to another facility, IT IS RECOMMENDED that Jamal's request to prohibit his transfer from LCC be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any

extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 16th day of July 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE